```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OMAR BENNETT,
        Petitioner,

     v.                         CIVIL ACTION NO. 05-390
DONALD KELCHNER, et al,         Judge Arthur J. Schwab
        Respondents.            Magistrate Judge Amy Reynolds Hay
```

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.  REPORT**

On November 1, 2001, following a bench trial presided over by the Honorable John E. Blahovec in the Court of Common Pleas of Westmoreland County, Petitioner was convicted of:  (1) Possession of a Controlled Substance; and, (2) Possession with Intent to Deliver a Controlled Substance.  Judge Blahovec sentenced Petitioner to three to six years incarceration.  He is currently on parole.

The evidence introduced at Petitioner's trial is set forth in full in the May 30, 2003, decision by the Superior Court of Pennsylvania.  (Doc. 6 at 292-312).  To briefly summarize, on December 22, 1999, the Pennsylvania State Police Bureau of Liquor Control Enforcement conducted a routine administrative inspection in Westmoreland County to look for, among other things, whether

1

minors were being served alcoholic beverages. (Id. at 292). That night, deputies from the Westmoreland County Sheriff's Department went to Deno's bar and stationed officers at the front and back doors. (Id. at 293). Deputy Felder was positioned about fifteen feet away from the rear exit. (Id.) He heard a voice inside the bar yelling, "[G]et out, get out, the police are coming in." (Id.) Then, a rear door of the bar swung open, and Petitioner walked out holding an open beer bottle in his hand. (Id.) As he walked toward Deputy Felder, he took a drink from the bottle. (Id.)

The deputy asked Petitioner for identification for the purpose of determining whether he was over the age of twenty-one. (Id. at 294). Petitioner pushed Deputy Felder in the chest and attempted to leave. (Id.) Deputy Felder told him that he was under arrest and a struggle ensued. (Id.) Petitioner was eventually subdued and handcuffed, and Deputy Felder conducted a patdown search. (Id.) He found on Petitioner over $22,000 in cash and two plastic baggies containing cocaine. (Id.)

Petitioner filed a pretrial motion to suppress the evidence confiscated by Deputy Felder. (Id. at 36-71). The Honorable Richard E. McCormick, Jr., presided over the suppression hearing. (Doc. 8 at 508-766). Judge McCormick denied Petitioner's motion and held that the evidence was admissible. (Doc. 6 at 139-141). He determined that Petitioner's actions constituted criminal

activity that justified the arrest and that the search was incident to a lawful arrest. (<u>Id.</u> at 139-141).

Judge Blahovec presided over Petitioner's bench trial. (Doc. 8 at 787-870). Petitioner's counsel, Edward Bilik, Esquire, contended in closing argument that the officers who testified at trial, including Deputy Felder, were not credible. (<u>Id.</u> at 866). He further suggested that because the officers were not credible, they may have planted the cocaine on Petitioner or increased the weight of the cocaine found on his person. (<u>Id.</u>) Judge Blahovec rejected this defense and found Petitioner guilty of Possession of Controlled Substance and Possession with Intent to Deliver a Controlled Substance.

After unsuccessfully seeking relief from his convictions in state court on direct appeal (<u>see</u> Docs. 6 & 7), Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with this Court. (Doc. 1).

**A.   Legal Analysis**

    **1.   State court's failure to grant Petitioner's motion to suppress**

Petitioner contends that his arrest and the search and seizure of the cocaine found on his person were obtained in violation of his Fourth Amendment rights. He raised these same claims before Judge McCormick in his motion for suppression and subsequent hearing. Judge McCormick denied Petitioner's motion,

and Petitioner claims that that decision was in error.  (Doc. 1, ¶ 13(I & II)).

In Stone v. Powell, 428 U.S. 465 (1976), the United States Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the grounds that evidence introduced at trial was obtained in an unconstitutional search, seizure, or arrest.  Id. at 494.  In the instant case, Petitioner had the opportunity to litigate the validity of the arrest and the search and seizure before the suppression court and the state appellate courts.  Thus, the state courts provided Petitioner with "an opportunity for full and fair litigation" of the Fourth Amendment claims that Petitioner raises in the instant petition, and those claims do not assert an appropriate basis for federal habeas review.  Id.

### 2. The verdict was against the weight of the evidence

Next, Petitioner claims that the verdict "was against the weight of the evidence in that the Commonwealth failed to prove the chain of custody regarding the cocaine allegedly seized from [his] person."  (Doc. 1, ¶ 13(III)).  The Superior Court rejected this same claim on direct appeal.  (Doc. 6 at 310-12).  It held:

> The trial court addressed [Petitioner's] weight of the evidence question and concluded that the chain of custody was sufficiently established.  The trial court specifically noted that, "[a]ny inconsistencies in testimony and any potential problems pointed out by the

4

>	[Petitioner] were considered by the Court prior to the Court admitting the evidence at trial. . . .
>
>	Our review of the record reveals that Deputy Felder testified that he recovered three plastic bags of suspected cocaine from [Petitioner].  He placed these bags in a brown paper bag and gave them to Corporal Zona.  Corporal Zona testified that he was not present at the scene during the entire time that Deputy Felder bagged the evidence, but he nonetheless took control of the bags from Deputy Felder and locked them in the front of the police car.  Corporal Zona then took the evidence to the police barracks, where Trooper Scott retrieved the three bags of alleged cocaine.
>
>	The record further reveals that Trooper Scott testified that, after field testing the evidence, he marked the evidence and placed it in an evidence envelope, which was secured in the evidence room at the Greensburg State Police barracks.  Trooper Scott further testified that he and Sergeant Oblinski later retrieved the evidence from the storage area and transported it to the crime lab on December 28, 1999. The crime lab received the sealed evidence envelope on December 28, 1999 and retrieved three bags of what was later found to be cocaine.  After testing, the cocaine was secured in an evidence locker until Trooper Scott picked it up on February 16, 2000.[ ] The evidence was transported back to the State Police barracks in Greensburg and remained in the evidence room until it was signed out on October 28, 2001 for presentation at trial.

(Id.)

	This Court may not reexamine the Superior Court's decision on this claim.  It is not cognizable in federal habeas corpus, as it requires an assessment of the credibility of the evidence presented at trial and a state court's credibility determinations

are binding on a federal court in a habeas proceeding.[1]  See Tibbs v. Florida, 457 U.S. 31 (1982) (weight of evidence claims raise questions of credibility); Weeks v. Snyder, 219 F.3d 245, 259 (3d Cir. 2000) (federal habeas statute provides federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by the federal habeas courts); 28 U.S.C. § 2254(e)(1); e.g., Ortiz-Santiago v. Stickman, 2003 WL 22331750, at *6 (E.D. Pa. Oct. 9, 2003) ("The reason a weight of the evidence claim is not cognizable is as follows.  First, the Supreme Court has held that the federal constitutional guarantee of due process allows for reversal of a state conviction on evidentiary grounds where there is insufficient evidence to support a conviction.  See Jackson v. Virginia, 443 U.S. [307, ] 318-19 [(1979)].  However, a weight of the evidence claim assumes that there is sufficient evidence to support the conviction.  See Tibbs v. Florida, 457 U.S. at 37-38 & n. 11, 42-43.  Thus, a conviction that is contrary to the weight of the evidence simply cannot violate the Due Process Clause; since it cannot, the petitioner's weight of the evidence claim is not cognizable.")

---

1.  Of course, a claim that the verdict is against the weight of the evidence is different from a claim that the evidence was insufficient to support the conviction.  See Tibbs, 457 U.S. at 37-45.  In this case, Petitioner conceded on direct appeal that there was sufficient evidence to sustain the verdicts against him.  (Doc. 6 at 310).

### 3. "Bad faith" and "prejudicial bias" claims

Finally, Petitioner claims that his trial was constitutionally unfair because Judge Blahovec was "bais[ed] in his decision to convict" him. (Doc. 1 at 8). He claims that Judge Blahovec signed a warrant pertaining to a separate drug conspiracy investigation, and that if he would have know that fact, he would not have waived his right to a jury trial. (Id.)

Respondents contend that Petitioner has failed to show that Judge Blahovec's signing of a search warrant on one case involving the Petitioner would make him prejudiced against Petitioner at the trial at issue. Nevertheless, they assert that this Court may not even reach the merits of this claim because Petitioner did not first present it, or "exhaust" it, before the Pennsylvania courts, and therefore he has now committed insurmountable procedural default. (Doc. 5 at 4-7).

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Generally, a district court should require that a state prisoner return to state court for review of unexhausted claims. See Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). However, a federal court may excuse a petitioner's failure to exhaust in cases where the federal court can confidently predict that the state courts would not entertain

review of the claims because such review would be barred by a state procedural rule, such as a statute of limitations. Slutzker, 393 F.3d at 380; Whitney v. Horn, 280 F.3d 240, 249-53 (3d Cir. 2002); Lines v. Larkins, 208 F.3d 153, 162-66 (3d Cir. 2000).  That is the case here, as any post-conviction petition that Petitioner might now attempt to file would be untimely and unreviewable in the Pennsylvania courts.  See 42 Pa.Cons.Stat. § 9545(b)(1).  Under such circumstances, exhaustion is considered "futile."  Slutzker, 393 F.3d at 380; Whitney, 280 F.3d at 250; Lines, 208 F.3d at 162.

Importantly, when a petitioner cannot exhaust his claims due to futility, those claims are considered "procedurally defaulted" in federal habeas court.  Id. at 380; Whitney, 280 F.3d at 252; Lines, 208 F.3d at 166.  The procedural default doctrine applies to bar federal habeas review when a state court has declined or would decline "to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."  Id. at 380-81 & 381 n.6 (internal quotation and citation omitted). "The raison d'être for the doctrine lies in the fact that a state judgment based on procedural default rests on independent and adequate state grounds."  Id. at 381 (citations omitted).  When exhaustion is futile because state relief is procedurally barred, federal courts may only reach the merits of a claim if the petitioner can establish "cause" for the default and resulting

"prejudice," or establishes a "fundamental miscarriage of justice."  Id.

Petitioner does not contest Respondents' defense that his unexhausted claims are procedurally defaulted.  He does not contend that he has established "cause" for the default or "prejudice."  (See Doc. 1, ¶ 14).  Moreover, an independent review of the record has revealed no "cause" or "prejudice."  Accordingly, Petitioner's claim that Judge Blahovec's alleged bias and bad faith resulted in a constitutionally unfair trial is procedurally defaulted, and the Court may not address it on the merits.

**B.   Certificate of Appealability**

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  In the case at bar, Petitioner has not made any showing that he has been denied any of his constitutional rights.  Accordingly, a certificate of appealability should be denied.

A certificate of appealability should also be denied on Petitioner's procedurally defaulted claims.  In Slack v.

9

McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether Petitioner's "bad faith" and "prejudicial bias" claims are procedurally defaulted. Accordingly, a certificate of appealability should be denied on those claims as well.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition be denied and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the

objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                      Respectfully submitted,

                                      /s/   Amy Reynolds Hay
                                      AMY REYNOLDS HAY
                                      United States Magistrate Judge

Dated: 23 January, 2006

cc:  Hon. Arthur J. Schwab
     United States District Judge

     Omar Bennett
     56141-066
     USP Canaan
     P.O. Box 300
     Waymart, PA 18472

     James R. Hopson
     Office of the District Attorney
     201 Courthouse Square
     Greensburg, PA 15601